IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDDIE CRUZ-CLAUDIO, et al.,

Plaintiffs

v.                                                                    CIVIL 06-1863 (ADC) (JA)

GARCÍA TRUCKING SERVICE, INC., et al.,

Defendants

OPINION AND ORDER

On July 28, 2009, I entered an opinion and order granting summary judgment in favor of defendant García Trucking Service and dismissing plaintiff Cruz-Claudio's claims of age-based discrimination and retaliation. <u>Cruz-Claudio v. García Trucking Serv., Inc.</u>, No. 06-1863, Docket No. 38, 2009 WL 2240482 (D.P.R. 2009). Before the court is Cruz-Claudio's August 4, 2009 motion for reconsideration of that decision. (Docket No. 40.) García Trucking moved in opposition to that on August 10, 2009. (Docket No. 41.) Plaintiff's arguments having been considered, the motion for reconsideration is DENIED.

I entered summary judgment in favor of García Trucking Service because plaintiff failed to produce sufficient credible evidence that any adverse actions taken against him were the result of age-based discrimination or retaliation. Because evidence as to this causal element was absent, summary judgment was

CIVIL 06-1863 (ADC) (JA)                 2

granted.  That plaintiff may have suffered adverse employment actions is not in itself sufficient to overcome summary judgment on a discrimination claim where there is no evidence of either age-based discrimination, 29 U.S.C. § 623(a)(1); Dávila v. Corporación de P.R. para la Difusión Pública, 498 F.3d 9, 15 (1st Cir. 2007), or retaliatory motives.  29 U.S.C. § 623(d).  I so held in the summary judgment order.  Cruz-Claudio v. García Trucking Serv., Inc., 2009 WL 2240482, at *14.

I.      STANDARD OF REVIEW

> Rule 59(e) allows a party to petition the court to alter or amend its judgment within 10 days of entry of said judgment. Fed. R. Civ. P. 59(e). Specifically, "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact . . . ." DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001); see Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 146 n.2 (1st Cir. 2004).  The manifest error of law [must] be clearly established. F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).

Meléndez v. Autogermana, Inc., 606 F. Supp. 2d 189, 199 (D.P.R. 2009).

> On motion for reconsideration, a movant must show that the court "misapprehended some material fact or point of law" or "that newly discovered evidence (not previously available) has come to light. . . ." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).  A motion for reconsideration is not a proper vehicle to relitigate or rehash matters already decided by the court. Sánchez-Rodríguez v. Departamento de Corrección y Rehabilitación, 537 F. Supp. 2d 295, 297 (D.P.R. 2008);

CIVIL 06-1863 (ADC) (JA)            3

Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005).

Rosario-Méndez v. Hewlett Packard Caribe BV, 573 F. Supp. 2d 558, 560 (D.P.R. 2008).  "The granting of a motion for reconsideration 'is an extraordinary remedy which should be used sparingly.'" Id. at 562 (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995); citing Ruiz-Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir.), cert. denied, 129 S. Ct. (2008)).

II.   DISCUSSION

   A.   Age Discrimination

Plaintiff asserts that García Trucking Service president José García made "admissions in the record . . . that the only employee whose salary, working hours, and benefits were reduced was plaintiff Cruz . . . ." (Docket No. 40, at 1, ¶ 4.)  As support for this contention, plaintiff cites "García's deposition," defendant's statement of material facts, and plaintiff's own additional statement of material facts.  (Id.) (citing "García's deposition; SMUF, paragraphs, 11, 14, 15 et seq[.]; AMSF 5, 6.").[1]  Plaintiff provides no record citation for "García's deposition," and no such deposition appears in the record.  Moreover, none of the

---

[1] Plaintiff does not define "SMUF" or "AMSF."  I assume here that plaintiff is referring to defendant's statement of material uncontested facts and to his own statement of such facts in opposition to summary judgment.

CIVIL 06-1863 (ADC) (JA)                                   4

cited paragraphs of the parties' respective statements of material facts contains anything resembling an admission by defendant that plaintiff was the only employee to suffer adverse employment actions.  Thus, plaintiff's motion presents no new evidence on this matter and does not establish that the court misapprehended any point of law.

Regardless, even if plaintiff could establish that he was the only employee to suffer adverse actions, that fact alone would not suffice to evidence age-based discrimination.  As I held in the opinion and order, "the plaintiff must introduce evidence that the real reason for the employer's action was discrimination." Cruz-Claudio v. García Trucking Serv., Inc., 2009 WL 2240482, at *7 (quoting Villanueva v. Wellesley Coll., 930 F.2d 124, 127-28 (1st Cir. 1991)).  Plaintiff has presented no such evidence in his motion for reconsideration.

Plaintiff also argues that, "[i]t is undisputed that . . . harassment was based on protected characteristic [sic]," (Docket No. 40, at 2, ¶ 8), but fails to provide a supporting citation.  The motive for any adverse actions against plaintiff is far from undisputed. (Docket No. 41, at 1-2, ¶ 3.)  Indeed, were this fact undisputed there would be no issue to litigate.  In actuality, it is upon this issue that plaintiff's entire case hinges and ultimately fails.

Plaintiff argues that the court failed to consider evidence demonstrating plaintiff's establishment of a prima facie case under the ADEA.  (Docket No. 40,

CIVIL 06-1863 (ADC) (JA)                5

at 3, ¶ 10.)  This argument is superfluous, however, as the court has already held that plaintiff succeeded in establishing a prima facie case.  It was plaintiff's failure to refute defendants' demonstration of a legitimate, nondiscriminatory reason for taking adverse action that doomed plaintiff's case.  Cruz-Claudio v. García Trucking Serv., Inc., 2009 WL 2240482, at *10; see, e.g., Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395, 2400-01 (2008).  That is, plaintiff failed to demonstrate "both that the reason [given by defendants] was false, and that discrimination was the real reason."  Cruz-Claudio v. García Trucking Serv., Inc., 2009 WL 2240482, at * 8 (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515-16 (1993)).  Accordingly, plaintiff's argument that he established a prima facie case does nothing to undermine the decision to grant summary judgment.

Plaintiff devotes much argument to whether the defendant's treatment of him was "adverse," (Docket No. 40, at 2, ¶¶ 5, 6, 7, at 4-5, ¶¶ 12, 13), but this argument is also beside the point.  Whether he was treated adversely was not dispositive on summary judgment.  The dispositive issue was whether the alleged adverse action –*assuming* plaintiff could establish one– was causally linked to plaintiff's age.  In other words, did plaintiff's age motivate defendant's actions?  I held that it did not.  Cruz-Claudio v. García Trucking Serv., Inc., 2009 WL 2240482, at *14.  Since plaintiff's motion does not present any new evidence or assert any errors of law as to that issue, it fails to merit reconsideration.

CIVIL 06-1863 (ADC) (JA)                6

B.    Retaliation Claim

Plaintiff correctly reiterates that he need not establish that his protected activity[2] was undertaken in response to actual wrongdoing. (Docket No. 40, at 3-4, ¶ 11); Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009). It is indeed enough for him to establish that he "had a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" Id. (quoting Wimmer v. Suffolk County Police Dep't, 176 F.3d 125, 134 (2d Cir. 1999) (quoting Manoharan, M.D. v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 594 (2d Cir. 1988)). Nonetheless, plaintiff still bears the burden of establishing that "the adverse action was causally connected to the protected activity." Fantini v. Salem State Coll., 557 F.3d at 32 (citing Marrero v. Goya of P.R., Inc., 304 F.3d 7, 22 (1st Cir. 2002)). As stated above, plaintiff failed at the summary judgment stage to establish that any actions taken by defendants against him were motivated by discriminatory animus. He has, moreover, failed to present new evidence or to demonstrate a manifest error of law by the court that might militate otherwise.

---

[2] "Protected activity" includes a plaintiff's opposition to any discriminatory practice by an employer, or a plaintiff's making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or litigation under the ADEA. 29 U.S.C. § 623(d).

CIVIL 06-1863 (ADC) (JA)                                  7

III.   CONCLUSION

Plaintiff has presented no new evidence that an adverse action by defendants against him was directly caused by either his age or a protected action that he took.  Moreover, he has failed to demonstrate that the court misapprehended the law on this issue.  Accordingly, plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, this 24th of August, 2009

                                      S/ JUSTO ARENAS
                          Chief United States Magistrate Judge